UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELAINE E. ATCHLEY,

                      Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                    12-CV-527S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

      1.      Plaintiff Elaine Atchley challenges an Administrative Law Judge's ("ALJ") determination that she was not disabled within the meaning of the Social Security Act ("the Act").

      2.      Atchley filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act on October 23, 2008. Therein, she alleged an inability to work as of March 2, 1998 due to breathing problems, post-traumatic stress disorder (PTSD), and bi-polar disorder. (R. 142-44.)[1] The application was denied and, at Atchley's request, a hearing was held before Administrative Law Judge Nancy Gregg Pasiecznik on May 14, 2010. Atchley appeared with a non-attorney representative and testified. At the hearing, Atchley's representative amended her disability onset date to December 2003 (R. 64), and stated she was disabled due to bipolar disorder, PTSD, and borderline personality disorder (R. 68.) Her breathing conditions, COPD and asthma were controlled with medications, and she was no longer alleging a physical impairment. (R. 75.)

---

[1] Citations to the administrative record are designated as "R."

3.      The ALJ considered the case *de novo*, and on May 28, 2010, issued a decision denying the application for benefits.  Atchley filed a request for review with the Appeals Council, which denied the request on April 10, 2012. She commenced this civil action on June 6, 2012, challenging the Commissioner's final decision.[2]

4.      In January 2013, the Commissioner and Atchley each filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motions were fully briefed on February 22, 2013, at which time this Court took the matter under advisement without oral argument.  For the reasons set forth below, the Commissioner's motion is granted, and Atchley's motion is denied.

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[2] The ALJ's May 26, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

8. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the

>[Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. In this case, the ALJ made the following findings with regard to the five-step process: (1) Atchley had not engaged in substantial gainful activity since October 16, 2008 (R. 42); (2) her mild COPD combined with a history of asthma, bi-polar disorder, PTSD, borderline personality disorder, and cannabis abuse are severe impairments within the meaning of the Act (Id.); (3) these impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 43); (4) Atchley retains the residual functional capacity ("RFC") to perform medium work, with enumerated limitations (R. 46); (5) she is unable to perform her past relevant work (R. 53); and (6) jobs exist in substantial number in the national economy that an individual of Atchley's age, education, past relevant experience, and RFC can perform (R. 53.) Ultimately, the ALJ concluded that Atchley was not under a disability as defined by the Act. (R. 55.)

11.     Atchley, now represented by counsel, maintains the ALJ's RFC finding and credibility assessment are not supported by substantial evidence, and the Commissioner did not meet his burden of proof at step five of the sequential process.

12.     The first point of error, according to Atchley, was the ALJ's failure to follow the "treating physician's rule" in making her RFC finding. Under this rule, an ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2)[3]; *see also* Green-Younger v. Barnhart, 335 F.3d 99 (2d Cir. 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Dr. Hung Rak Choe, a psychiatrist, began treating Atchley in or about February 2004. (R. 276.) He completed: Medical Examinations for Employability Assessments dated May 18, 2008 (R. 432-33), June 17, 2008 (R. 438-39), Sept. 2, 2008 (R. 254-55), March 3, 2009 (R. 434-35) and March 23, 2010 (R. 476-77); a Mental Residual Functional Capacity Assessment on Nov. 10, 2008 (R. 259-61); and a Medical Report for Determination of Disability on Nov. 4, 2008 (R. 317-18). The record also contains Dr. Choe's treatment notes from February 2004 through March 2010. Upon review, the ALJ found Dr. Choe's opinions were:

> inconsistent with his actual treatment notes [ ], inconsistent among themselves, and . . . inconsistent with the other opinions of an examining psychologist and reviewing psychiatrist and not supported by the greater weight of the evidence.

---

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003). Effective March 26, 2012, the Commissioner amended §§ 404.1527 and 416.927. 77 FR 10651, 10656. Citations in this opinion will refer to the regulation(s) in effect when this claim was adjudicated.

(R. 48.)

The ALJ went on to explain, *inter alia*, that:

Upon reviewing Dr. Choe's treatment notes, . . . he repeatedly stated that the claimant was fairly stable with current medication; was not depressed or denied depression or vegetative symptoms (when depression was noted, it was noted as being mild); had no overt psychotic or affective symptoms; had no hallucinations and was not delusional; and often did not have any stressors reported. [ ] Those treatment notes do not support a conclusion that the claimant is "very limited" in performing work-related metal activities. Therefore, greater weight was given to Dr. Choe's actual treatment note comments, and very little weight was given to his assessments.

(R. 49.) The ALJ continued to comprehensively set forth the reasons for assigning lesser weight to Dr. Choe's opinions. (R. 49-52.) Having reviewed the record, this Court finds the decision not to give these opinions controlling weight is supported by substantial evidence.

13.     Atchley also faults the ALJ for not focusing sufficiently on her anxiety, and points to Dr. Choe's treatment notes referring to her anxious mood. This argument provides no basis for remand. First, the ALJ thoroughly reviewed Dr. Choe's treatment notes, crediting the notes over his opinions. Moreover, consultative psychiatrist Dr. Baskin, whose opinion was given "great weight," diagnosed Atchley with "anxiety disorder" and noted "[a]nxiety-related symptomatology was remarkable for excessive apprehension and worry." (R. 320.) The ALJ expressly acknowledged this diagnosis and accepted Dr. Baskin's opinion that Atchley had moderate limitations in her ability to deal with stress. These limitations are reflected in the RFC assessment, which finds Atchley is "moderately limited in interacting with the general public on a prolonged and sustained basis" and "can perform simple tasks in a low contact work setting where there are few, if any changes in the work and where the work is not performed under strict time constraints." (R. 46.)

14. In her final argument regarding the medical records and opinions, Atchley contends the ALJ was required to recontact Dr. Choe to resolve inconsistencies between his opinions and treatment notes. It is well established in the Second Circuit that an ALJ is under an obligation to develop the administrative record fully, to ensure that there are no inconsistencies in the record that require further inquiry, and to obtain the reports of treating physicians and elicit the appropriate testimony during the proceeding. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999); McClaney v. Astrue, 2012 U.S. Dist. LEXIS 123756, at *28-29 (E.D.N.Y. Aug. 10, 2012). This includes seeking additional information from a treating physician, *sua sponte*, when the court is unable "to determine upon what information the treating source was basing his opinions." Beltz v. Astrue, 2013 U.S. Dist. LEXIS 98500, at *21-22) (W.D.N.Y. , 2013) (citing Colegrove v. Comm'r of Soc. Sec., 399 F. Supp. 2d 185, 196 (W.D.N.Y. 2005)); see also 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source . . . does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.")

Here, it is quite clear that Dr. Choe based his opinions on his own clinical treatment notes, and there was no need to seek further clarification in that regard. After considering the full record, the ALJ appropriately determined Dr. Choe's opinions were not consistent with his treatment notes and other record evidence,[4] and so should not be given controlling weight. This determination was in accord with applicable law. See Balsamo v. Chater, 142

---

[4] In particular, the ALJ found Dr. Choe's opinions were not consistent with one another, nor with the findings and opinions of consultative examiner Dr. Baskin and State Agency review consultant Dr. Tzetzo.

F.3d 75, 81 (2d Cir.1998); McBrayer v. Sec'y of Health & Human Servs., 712 F.2d 795, 799 (2d Cir. 1983)) ("[A]n ALJ is free . . . to choose between properly submitted medical opinions."); Cichocki v. Astrue, 2012 U.S. Dist. LEXIS 106023, at *17-21 (W.D.N.Y. July 30, 2012) (ALJ who afforded no weight to treating physician's opinion was not required to recontact physician to resolve inconsistencies between his opinion and the record as a whole, including physician's own treatment notes). The ALJ's role in weighing the evidence would be "rendered nugatory if, whenever a treating physician's stated opinion is found to be unsupported by the record, the ALJ were required to summon that physician to conform his [or her] opinion to the evidence." Rebull v. Massanari, 240 F.Supp.2d 265, 273 (S.D.N.Y.2002).

The administrative record here adequately reflects Atchley's medical history, and the ALJ properly determined an RFC that was supported by substantial evidence.

15.    The next issue Atchley raises involves the ALJ's assessment of her credibility. According to Atchley, the ALJ improperly based the credibility determination on her own RFC determination and failed to explain how Atchley's credibility was undermined by either her testimony or the medical evidence.

"The ALJ alone decides issues of credibility and this Court must give great deference to those decisions, as the ALJ was able to observe the witness's testimony and demeanor at the hearing." Lloyd v. Astrue, No. 12-CV-122S, 2013 U.S. Dist. LEXIS 25794, at *12 (W.D.N.Y. Feb. 23, 2013) (citing Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n.6 (S.D.N.Y. 1995); see also Serra v. Sullivan, 762 F. Supp. 1030, 1034 (W.D.N.Y. 1991).

Atchley testified at her hearing regarding a variety of symptoms and limitations. The ALJ found that Atchley's medically determinable impairments could reasonably be

expected to cause "some degree" of the alleged symptoms; but that her "statements concerning the intensity persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." (R. 47.) The ALJ identified the factors detracting from Atchley's credibility as: inconsistent statements about her marijuana use (R. 46), evasiveness at the hearing when asked about her daily activities (R. 46), inconsistencies between her statements in disability reports and her hearing testimony (R. 47), and inconsistencies between statements to her physician and her hearing testimony (R. 52.) In short, the ALJ did not, as Atchley claims, base her credibility assessment solely on her own RFC finding, nor did she fail to explain the reasons for her assessment. Accordingly, this Court finds no reversible error.

16.     Finally, Atchley contends the Commissioner did not meet his burden of proof at step five of the sequential evaluation because the ALJ incorporated an erroneous RFC determination into the hypothetical she presented to the vocational expert. Because this Court has rejected each of Atchley's claims of error with regard to the RFC assessment, it also finds the ALJ did not err when she based a hypothetical question on that very assessment. Salmini v. Comm'r of Soc. Sec., 371 Fed. Appx. 109, 114 (2d cir. 2010) (*citing* Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir. 1983)).


****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is DENIED;

9

    FURTHER, that the Clerk of the Court shall close this case.

    SO ORDERED.

Dated:  September 26, 2013
          Buffalo, New York

                                           <u>/s/William M. Skretny</u>
                                           WILLIAM M. SKRETNY
                                                Chief Judge
                                         United States District Court